IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
*Southern Division*

JOHN DAVID WHITE,

    Petitioner,

v.

    Civil Case No.: GJH-17-47
    Criminal Case No.: GJH-13-356

UNITED STATES OF AMERICA,

    Respondent.

## MEMORANDUM OPINION

On December 16, 2014, Petitioner John David White was sentenced to 248 months in prison after a jury found him guilty of conspiracy to possess with intent to distribute cocaine and heroin, possession with intent to distribute heroin and cocaine, maintaining a drug-involved premises, and possession of a firearm in furtherance of a drug trafficking crime. ECF No. 72. On January 5, 2017, White filed a Habeas Corpus Motion to Vacate Indictment ("Motion to Vacate") pursuant to 28 U.S.C. § 2255, which is currently pending before the Court. ECF No. 143.[1] He has since supplemented his Motion with additional briefings and exhibits. ECF No. 146; ECF No. 158; ECF No. 159. Respondent, United States of America, filed a Response brief, ECF No. 164, and White filed a Reply brief, ECF No. 170. No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2016). For the following reasons, White's Motion to Vacate is denied.

---

[1] A number of other motions are also pending before the Court. ECF Nos. 155, 160, 162, 165, and 166 are each motions for extension of time. The Court grants each of these motions. White's Motion for the Court to Enter Exhibits to the Record, ECF No. 158, is construed as a Motion to Supplement ECF No. 135, and is granted. Also pending are White's Motion for Leave to File for a New Trial, ECF No. 135, which the Court denies for the reasons discussed below, and various Motions for Default Judgment, ECF No. 141, ECF No. 156, ECF No. 157, which the Court addresses below. *See infra* Section III. D.

I.   BACKGROUND

A. Factual Background[2]

On May 28, 2013, law enforcement intercepted and opened a suspicious crate shipment. ECF No. 164 at 2.[3] Pursuant to a search warrant, officers opened the crate and found more than two kilograms of cocaine, in the form of two bricks, hidden inside a toaster oven. *Id.* The officers put the cocaine back in the crate, in order to investigate the intended delivery location. On May 29, 2013, a freight shipping company delivered the crate to Cheverly Self Storage. *Id.* The delivery driver put the crate in front of Storage Unit 4020, which was leased to White. *Id.* Later on May 29th, White arrived at the storage unit, unlocked it, pushed the crate inside, and closed the unit. *Id.* at 3. Officers took him into custody as he was attempting to leave the storage facility. *Id.* After waiving his *Miranda* rights, White spoke to the officers and admitted that he owned the storage unit. *Id.* In the early morning hours of May 30, 2014, the officers obtained search warrants for White's storage unit, vehicle, and residence. *Id.* They found shipping materials, a foil wrapper, digital scales, measuring spoons which had heroin residue on them, and 185 grams of heroin. *Id.* In his home, the officers found large amounts of cash, a pistol and bullets, and additional bags and scales which tested positive for heroin residue. *Id.* at 4.

Before trial, White raised the issue of a discrepancy in the search warrant and charging document that were issued for him, which were signed by Corporal Jones, and moved to suppress the results of the searches. The charging document and statement of probable cause both are dated May 29, 2013, and time stamped "18:25." ECF No. 158-1. The documents describe the search that officers performed of White's storage unit, although the search warrant was not obtained until the early morning hours of May 30, 2014. *See id.* at 4. White argued that

---

[2] These facts are taken from the parties' briefings, and are included as factual context for Petitioner's Motion.
[3] Pin cites to documents filed on the Court's electronic filing system (CM/ECF) refer to the page numbers generated by that system.

this indicated that officers had searched his storage unit and vehicle on May 29th, before they obtained a search warrant. At the pretrial motions hearing, Officers Margulis and Ermer testified regarding the search of White's property. Both officers were present at White's storage unit when he was stopped by law enforcement on May 29, 2013. ECF No. 98 at 6, 39. Both officers testified that no one searched White's property until a search warrant was obtained around 1:15 am on May 30, 2013. *Id.* at 10, 46–47. Regarding the date on the charging document and statement of probable cause, Officer Margulis testified that this was produced through an automated system, which transferred the times and dates from an individual's arrest report to the statement of charges. *Id.* at 16. Therefore, the descriptive content on the charging document and statement of probable cause may postdate the date and time stamp on the document, where additional details were added at a later time. *Id.*

Judge Titus[4] denied White's pretrial motion to suppress, finding Officers Margulis and Ermer to be "coherent, rational, [and] credible." *Id.* at 74. He credited their testimony that "the search of the storage locker did not take place until after 1:00 in the morning" after the officers had received a search warrant. *Id.* at 83. Judge Titus deemed the date discrepancy of one day as "such a minor matter" and denied White's motion to suppress. *Id.* at 85. At trial, White again argued to the jury that his storage unit had actually been searched on May 29, 2013. ECF No. 124 at 181. In addition to Officers Margulis and Ermer's testimony, the jury also heard from Corporal Jones, who had completed and signed the charging document, who testified that the date and time stamps on the charging document were automatically generated when the booking process was initiated, and did not mean that all events described on the document occurred prior to the date and time stamps. ECF No. 131 at 103–105. The jury found White guilty on all counts. ECF No. 71.

---

[4] The case was transferred to the Court from Judge Titus on July 1, 2014. ECF No. 46.

3

## B. Procedural Background

On December 16, 2014, the Court sentenced White to 248 months of imprisonment. ECF No. 116. White appealed his sentence, which was affirmed on February 10, 2016. ECF No. 133. Since then, White has filed a number of motions with the Court, in an attempt to vacate his conviction and procure a new trial. The majority of his arguments overlap across these various motions. On September 16, 2016, White filed a Motion for Leave to File for a New Trial. ECF No. 135. On December 19, 2016, he filed a Motion for Default Judgment regarding his previous motion. ECF No. 141. On January 5, 2017, he filed a Habeas Corpus Motion to Vacate Indictment, ECF No. 143, which he supplemented on January 17, ECF No. 146, May 10, ECF No. 158, and May 24, 2017, ECF No. 159. He also filed additional Motions for Default Judgment on May 5 and May 8, 2017. ECF No. 156, ECF No. 157.[5] The Government filed an opposition to White's motions on June 16, 2017, ECF No. 164, to which White replied, ECF No. 170.

In his various motions, White repeatedly raises the same arguments that his Fourth, Fifth and Sixth Amendment rights were violated. First, he argues that the Complaint and warrant which the Government relied on was based on the "perjured testimony" of Corporal Jones and Margulis. *E.g.*, ECF No. 135-1 at 5; ECF No. 143 at 5; ECF No. 159. Second, he argues that the Government withheld Jenks and *Brady*[6] material by failing to produce the identity of an "anonymous third party" who informed Corporal Jones that "a warrant was issued incident to White's arrest." *E.g.*, ECF No. 135-1 at 12–13. Third, in his Reply brief, White raises a claim of ineffective assistance of counsel, arguing that his trial attorney did not adequately represent him by failing to object to the evidence provided by Jones at trial, and by failing to call Jones to

---

[5] As mentioned above, both parties have also filed a number of pending Motions for Extension of Time, ECF Nos. 155, 160, 162, 165 and 166, which the Court grants.
[6] *See, generally*, 18 U.S.C. § 3500 (The Jencks Act); *Brady v. Maryland*, 377 U.S. 83 (1963).

4

testify at a May 2014 motions hearing. ECF No. 170 at 3, 8. White also argues that he asked his attorney to file a motion to suppress evidence seized from his storage locker, but that his attorney refused to do so, claiming that the motion "would or could not be successful," and that the attorney "became angry and shut down and refused to speak or assist me legally with my case." *Id.* at 7. Furthermore, White argues that each of his attorneys has refused to argue that his Fifth Amendment rights were violated "due to the charges this case is predicated off of are tainted with perjured statements and the charges are false." *Id.* at 10. Finally, White argues that he is entitled to default judgment in his favor, because the Government did not timely respond to his motions. *E.g.*, ECF No. 141; ECF No. 156; ECF No. 157.

## II. STANDARD OF REVIEW

In order to be entitled to relief under 28 U.S.C. § 2255, a petitioner must prove by a preponderance of the evidence that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law." 28 U.S.C. § 2255(a); *see also United States v. Moore*, 993 F.2d 1541 (4th Cir. 1993) (unpublished) (citing *Vanater v. Boles*, 377 F.2d 898 (4th Cir. 1967)). A *pro se* petitioner is, of course, entitled to have his arguments reviewed with appropriate consideration. *See Gordon v. Leeke*, 574 F.2d 1147, 1151–53 (4th Cir. 1978). Where, however, a § 2255 petition, along with the files and records of the case, conclusively shows the petitioner is not entitled to relief, a hearing on the motion is unnecessary and the claims raised therein may be dismissed summarily. 28 U.S.C. § 2255(b).

5

## III. DISCUSSION

### A. Fourth Amendment Violation

Throughout his pleadings, White argues that his arrest was unlawful, in violation of his Fourth Amendment rights. Specifically, he argues that Corporal Jones submitted a statement of probable cause with "false statements and omitted material facts" because the date listed in the statement of probable cause was the day before the search of his storage unit, even though the statement of probable cause discusses the search of his unit. *See, e.g.*, ECF No. 143 at 5–7; ECF No. 170 at 5, 16. The Government points out that this is the same argument that White raised pretrial, during trial, post-trial, and on appeal. ECF No. 164 at 13. The Government argues that as White has already been heard on this argument, he cannot now re-raise it through a § 2255 petition. *Id.* (citing *United States v. Schulte*, 230 F.3d 1356 (4th Cir. 2000) (unpub.) ("When a litigant is provided a full and fair opportunity to litigate a Fourth Amendment claim, he cannot re-litigate the claim in a motion pursuant to § 2255 unless there has been an intervening change in law.")). White does not disagree with the Government's position, conceding that his Fourth Amendment claim "is settled." ECF No. 170 at 2. Despite agreeing with the Government, however, White goes on to claim that his right "to be free from arrest without probable cause" was violated. *Id.*

The record is clear that White has raised and been heard on this point repeatedly, at the pretrial, trial, post-trial, and appeal stages. *See* ECF No. 98 at 78 (argument raised at pretrial motions hearing); ECF No. 124 at 181 (argument raised during trial); ECF No. 101 (argument raised in post-trial Supplement to Defendant's Motion to Set Aside The Verdict); Opening Brief of Appellant, 2015 WL 4141745, at *36, *United States of America v. White*, 641 Fed. App'x 211 (4th Cir. 2016) (No. 14-4944) (argument raised in appellate brief). This Court and the Fourth

Circuit have ruled that the police searched White's storage unit only after they obtained a search warrant; thus, his Fourth Amendment rights were not violated. *United States v. White*, 641 Fed. App'x 211, 212 (4th Cir. 2016). White cannot collaterally attack that determination here. *See United States v. Cucci*, 166 F.3d 335 (4th Cir. 1998) (unpub.) ("[B]ecause Cucci was afforded a full and fair opportunity to litigate the legality of the search at trial and on appeal, this claim cannot be raised in collateral review before this court."). Thus, White's motions are denied regarding his Fourth Amendment claims.

### B. Jencks and *Brady* violations

White claims that the Government failed to properly disclose certain Jencks and *Brady* information. ECF No. 170 at 4, 15, 21–24. Specifically, White points to the fact that Corporal Jones testified that a member of the field team conveyed the search warrant information to Jones, but that the Government did not disclose this individual's identity to White. *Id.* at 21. The Government retorts that this argument is "misguided" and "without merit." ECF No. 164 at 1 n. 1.

For a document to qualify as Jencks material, it must consist of the witness's own words and be signed or otherwise approved by the witness. *United States v. Roseboro*, 87 F.3d 642, 645 (4th Cir. 1996); 18 U.S.C. § 3500(e). Under *Brady*, the prosecution may not withhold evidence that is "material either to guilt or to punishment." 373 U.S. at 87. To constitute a *Brady* violation, the withholding of evidence must be "so serious that there is a reasonable probability that the suppressed evidence would have produced a different verdict." *Strickler v. Greene*, 527 U.S. 263, 281 (1999). Put differently, the suppression of exculpatory and impeachment evidence can constitute a *Brady* violation if the suppression denies a fair trial to the defendant. *United States v. Bagley*, 473 U.S. 667, 676 (1985).

7

Here, White has not alleged that there was any statement or recording of a testifying witness that was withheld from him, and therefore has no claim for a Jencks Act violation. Furthermore, there is no basis upon which the Court could conclude that the identity of the member of the field team would be exculpatory or provide impeachment evidence and therefore the alleged failure to provide that information does not amount to a *Brady* violation.

### C. Ineffective Assistance of Counsel

White argues that his various counsel were ineffective for not sufficiently raising the issues regarding the legitimacy of the search warrant and charging document, and refusing to file a motion to suppress.

An ineffective assistance of counsel claim is governed by the two-part test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). "Pursuant to that test, to prevail on an ineffective assistance claim, a petitioner must establish that (1) counsel's performance was deficient and (2) there is a reasonable probability that the deficiency prejudiced the defense." *Merzbacher v. Shearin*, 706 F.3d 356, 363 (4th Cir. 2013) (citing *Strickland*, 466 U.S. at 687, 694). To establish that counsel's performance was deficient, a petitioner "must show that counsel's representation fell below an objective standard of reasonableness." *Id.* (citing *Strickland*, 466 U.S. at 688). However, "[c]ourts 'indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance,' in order to avoid 'the distorting effects of hindsight.'" *Id.* (quoting *Yarbrough v. Johnson*, 520 F.3d 329, 337 (4th Cir. 2008)). To establish prejudice, a petitioner "must show that 'but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *Id.* (quoting *Strickland*, 466 U.S. at 694). Furthermore, a petitioner must show that counsel's "error worked to his 'actual and substantial disadvantage,'

8

not merely that the error created a 'possibility of prejudice.'" *Satcher v. Pruett*, 126 F.3d 561, 572 (4th Cir. 1997) (quoting *Murray v. Carrier*, 477 U.S. 478, 494 (1986)).

White has not shown that his attorneys' performance fell below an objective standard of reasonableness. White claims that his various attorneys acted unreasonably in that they (1) never raised the issue regarding the timing of the search of his storage unit, ECF No. 170 at 5; (2) never moved to suppress the results of the search, *id.* at 7; (3) failed to call Jones to testify at the motions hearing, *id.* at 8; and, (4) failed to make a Fifth Amendment argument on appeal, *id.* at 10. The record does not support these claims, and reflects that White was represented competently.

Regarding his first point, as mentioned above, White's attorneys raised the issue of the timing of the search at every level of his case. *See* ECF No. 98 at 78 (argument raised at pretrial motions hearing); ECF No. 124 at 181 (argument raised during trial); ECF No. 101 (argument raised in post-trial Supplement to Defendant's Motion to Set Aside The Verdict); Opening Brief of Appellant, 2015 WL 4141745, at *36, *White*, 641 Fed. App'x 211 (argument raised in appellate brief). Similarly, regarding his second point, his attorneys in fact repeatedly moved to suppress any evidence obtained from an unconstitutional search or arrest, raising the same arguments that White raises now. ECF No. 16 at 2; ECF No. 31-1 at 2 (noting the discrepancy between the date on the search warrant and the date of the search, and accusing the police of having lied). Regarding his third point, the decision not to call Jones at the motions hearing was not unreasonable. It is possible that Jones—as he did at trial—would have been able to easily explain the discrepancy of the date on the charging document. In determining the reasonableness of counsel's conduct, counsel is afforded significant discretion in determining the tactics of representing the defendant, including whether to call certain witnesses. *See, e.g., Hill v. French*,

9

133 F.3d 915, *4 (4th Cir. 1997) (reasoning that a witness's testimony could have "opened the door to damaging testimony," and denying *habeas* claim asserting that "counsel's decision not to call [the witness] was unreasonable"). Regarding White's fourth point, he explains that he asked his appellate lawyers to argue that his Fifth Amendment rights had been violated because "the charges this case is predicated off of are tainted with perjured statements and the charges are false." ECF No. 170 at 10. White's appellate attorney subsequently filed a 51-page appeal brief on White's behalf, which included arguments regarding the Fifth Amendment and the charges presented to the grand jury. Opening Brief of Appellant, 2015 WL 4141745, at *25, *White*, 641 Fed. App'x 211. Thus, White's attorneys' representation of him was not deficient, and White cannot meet the first prong of *Strickland*.

### D. Default Judgment

Finally, White filed several motions seeking default judgment against the Government. This Court has previously made clear that *habeas corpus* petitioners are not entitled to default judgment where the Government fails to timely respond. *See, e.g., Evans v. United States*, No. ELH-14-3015, 2016 WL 1159086, at *3 (D. Md. Mar. 22, 2016) ("The cases are legion making clear that courts generally do not grant default judgments to prisoners in post-conviction proceedings"). Thus, White's Motions for Default Judgment are denied.[7]

---

[7] The Court notes that White also raised an argument under "The Double Jeopard[y] and Speedy Trial clauses of the Constitution." ECF No. 143 at 9. He argues that "[t]he federal government had 180 days to assume jurisdiction [of the charges against him]" and points to the "June 2, 2014 Superseding Indictment" as being "over 300 days" after state charges against him were dismissed *nolle prosequi* on June 25, 2013. *Id.* He does not cite any legal authority for this contention. However, White ignores the fact that the Government did, in fact, bring their initial criminal complaint on June 24, 2013, ECF No. 2, followed by an Indictment filed on July 15, 2013, ECF No. 10. White previously argued that he was being denied a speedy trial on January 10, 2014. ECF No. 29. His Motion to Dismiss on this basis was denied. ECF No. 40. Thus, White cannot now "relitigate via collateral attack those issues already litigated on direct appeal." *Bynum v. United States*, No. RWT-13-188, 2015 WL 2374232, at *2 (D. Md. May 15, 2015) (refusing to reconsider speedy trial argument raised in § 2255 motion where petitioner had previously raised the argument on direct appeal).

## IV. CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11(a) of the Rules Governing Proceedings under 28 U.S.C. § 2255, the court is required to issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate of appealability is a "jurisdictional prerequisite" to an appeal from the court's earlier order. *United States v. Hadden*, 475 F.3d 652, 659 (4th Cir. 2007). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where the court denies petitioner's motion on its merits, a petitioner satisfies this standard by demonstrating that reasonable jurists would find the court's assessment of the constitutional claims debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003). Because reasonable jurists would not find White's claim debatable, no certificate of appealability will issue.

## V. CONCLUSION

For the foregoing reasons, all pending Motions for Extension of Time, ECF Nos. 155, 160, 162, 165, and 166 are granted. White's Motion for the Court to enter exhibits to the record, ECF No. 158, is granted. White's various motions to vacate his conviction and for a new trial, ECF Nos. 135 and 143 are denied, as are his Motions for Default Judgment, ECF Nos. 141, 156 and 157. A separate Order shall issue.

Date: April 24, 2018

GEORGE J. HAZEL
United States District Judge